# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CV95-MU-02

| | | |
|---|---|---|
| MATTHEW OLIVER ALFORD,<br>    Petitioner, | )<br>)<br>) | |
| v. | )<br>) | ORDER |
| THEODIS BECK, Secretary of<br>  the N.C. Department of Cor-<br>  rections; and<br>GEORGE KENWORTHY, Supt. of<br>  Lumberton Correctional In-<br>  stitution,<br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of Habeas Corpus, received in this Court on March 20, 2006 by transfer from the U.S. District Court for the Eastern District of North Carolina. For the reasons stated herein, the petitioner's case will be dismissed as time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to this Petition, on June 3, 1993, the petitioner pled guilty to one count of Second Degree Murder. Accordingly, on that occasion, the Superior Court of Haywood County convicted the petitioner, and sentenced him to a "Class C Life" sentence. The petitioner's Petition further reports that he did not file a direct appeal in his case.

Rather, after waiting more than 12 years, in or about October 2005, the petitioner filed a Petition for a Writ of Habeas Corpus in the Supreme Court of North Carolina. Not surprisingly, the petitioner's Petition reflects that on October 4, 2005, his State Habeas Petition was summarily denied and dismissed.

Next, on October 17 and December 27, 2005, the petitioner submitted identical Petitions for Writs of Certiorari to the United States Supreme Court. However, the U.S. Supreme Court returned those documents to the petitioner for his failure to comply with various Rules promulgated by that Court.

Now, the petitioner has filed the instant Petition for a federal Writ of Habeas Corpus under 28 U.S.C. §2254. More particularly, by this Petition, the petitioner reports that he is seeking to raise claims under Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny by way of his arguments that "[t]he wrong entity judged [him] guilty"; and that his prior convictions (for DWI and DWLR) "are wrong and are not related to [his] 2nd degree murder conviction." However, notwithstanding the petitioner's reported belief to the contrary, the undersigned has concluded that the instant Petition must be dismissed as untimely filed.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the instant Petition reports that the petitioner sustained his Murder conviction and sentence on June 3, 1993, and that he did not directly appeal those matters. Thus, based upon the relevant legal precedent, this Court must conclude that the petitioner's conviction and sentence became final no later than June 20, 1993--that is, at the expiration of the brief period

during which he could have (but did not) properly file a direct appeal of those matters. See N.C.R.App.P. 4(a) (providing a 14-day period for filing of a notice of appeal).

Furthermore, inasmuch as the petitioner's conviction and sentence became final prior to the enactment of the AEDPA, in the absence of any intervening circumstances, the petitioner had up to and including April 24, 1997 in which to file the instant habeas Petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (noting that for pre-AEDPA convictions, the 1-year limitations period runs from the AEDPA's effective date); and Brown v. Angelone, 150 F.3 370, 375 (4th Cir. 1998) (same). Obviously, the petitioner did not file this Petition by such April 1997 date.

Instead, the petitioner let more than 8 years elapse after that deadline before he initiated his unsuccessful collateral review proceedings in the North Carolina courts. Thus, while the AEDPA entitles the petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here.

That is, the petitioner's one-year period already had expired about 8 years before he even began those collateral proceedings. Therefore, the petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.

No doubt, the petitioner was aware that his Petition likely

would be construed as time-barred.[1]  Nevertheless, despite having been prompted to provide such information, the petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant Petition.  Indeed, in response to the habeas form's question concerning why the petitioner had waited more than one year to file this action, he merely indicated his belief that he is "within 28 U.S.C. §2241(d)(1) B, C, D and 2," presumably because he has filed this Petition within one year of the date on which his State Habeas Petition was denied.  Suffice it to say, however, the foregoing belief is erroneous in that the one-year limitations period must be calculated from the date on which the conviction and sentence became final, not the date on which collateral review is concluded.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill.  The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion."  In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion."  Accordingly, given the fact that the petitioner has addressed the timeliness of his Petition--albeit unsuccessfully--the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the petitioner.[2]

### III. CONCLUSION

The petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED.**

---

[2] In addition to the fact that the instant Petition was untimely filed, such Petition also tends to establish that the petitioner did not fully exhaust his State court remedies. That is, the Petition indicates that the petitioner did not file a Certiorari Petition in State court after his MAR was denied. However, because it is apparent that dismissing this action without prejudice in order to allow the petitioner to fully exhaust his remedies would do nothing to change the Court's conclusion that the Petition was untimely filed, the Court will not prolong the inevitable outcome. Indeed, as was noted, the petitioner did not initiate his collateral review proceedings until well after his one-year limitations period had already expired, so even if he were to return to the State court to completely exhaust his remedies, that fact would not change the result that the petitioner has waited too late to seek federal habeas review for his 2003 State court convictions.

**SO ORDERED.**

Signed: April 3, 2006

Graham C. Mullen
United States District Judge